UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>TRIXIE DELA CRUZ,<br><br>                    Defendant. | CASE NO. 2:23-cr-00040-LK<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO SEAL EXHIBITS |

  This matter comes before the Court on the Government's motion to seal Exhibits A & B to its sentencing memorandum for Defendant Trixie Dela Cruz. Dkt. No. 47. These exhibits contain sensitive information belonging to the third-party victim in the case (Exhibit A) and sensitive financial information related to Ms. Dela Cruz (Exhibit B). *Id.* at 1. Ms. Dela Cruz did not file an opposition to the motion. For the reasons set forth, the Court grants the Government's motion.

  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of

ORDER GRANTING GOVERNMENT'S MOTION TO SEAL EXHIBITS - 1

access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Despite the public's right to access documents in criminal proceedings, a document may remain under seal when (1) sealing a document serves a compelling interest (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2002 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The exhibits that the Government seeks to seal contain sensitive information related to both Ms. Dela Cruz and the third-party victim in this case. Dkt. No. 48 at 2–3 (Exhibit B); Dkt. No. 49 at 1 (Exhibit A). The Court finds that protecting Ms. Dela Cruz's personal financial privacy serves as a compelling interest that would be harmed by public disclosure, and there are no less restrictive means of protecting Ms. Dela Cruz's privacy. Similarly, the Court finds that protecting the third-party victim's sensitive information also serves as a compelling interest that would be harmed by public disclosure, and there are no less restrictive means of protecting that interest.

The Court therefore GRANTS the motion to seal, Dkt. No. 47, and the exhibits, Dkt. Nos. 48, 49, may remain under seal.

Dated this 1st day of April, 2024.

*Lauren King*
Lauren King
United States District Judge